IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| ANTHONY BURNETT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 109-152 |
| ) | |
| BRUCE CHATMAN, Warden, ) | |
| ) | |
| Respondent. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner brought the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the Middle District of Georgia. The case was subsequently transferred to this District and is before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases.[1] Petitioner attempts to challenge his 1998 conviction for murder in the Superior Court of McDuffie County, Georgia. Petitioner is well-known to the Court as a serial filer of habeas petitions. The instant case is Petitioner has made at least ten attempts, that his Court is aware of, to challenge his state conviction. See Burnett v. Head, CV 105-115, doc. no. 25, p. 1 (S.D. Ga. Feb. 22, 2006) (citing Burnett v. Head, CV 104-195, doc.

---

[1]Rule 4 of the Rules Governing Section 2254 Cases states in pertinent part:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

no. 4, *adopted by* doc. no. 6 (S.D. Ga. Mar. 2, 2005) (discussing Petitioner's filing history)).

As Petitioner has been repeatedly informed by both this Court and the Eleventh Circuit, the relevant portion of the statute governing second or successive habeas corpus applications states that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A) (emphasis added).[2] Thus, § 2254 petitioners must "obtain[] authorization in the court of appeals before filing a second or successive [habeas corpus] application . . . ." Guenther v. Holt, 173 F.3d 1328, 1332 (11th Cir. 1999). Without this authorization, the district court correctly dismisses second and successive habeas corpus applications. In re

---

[2]Section 2244 is applicable to § 2254 applications by virtue of the following provisions of § 2244:

(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b) (emphasis added).

2

Medina, 109 F.3d 1556, 1564 (11th Cir. 1997) (*per curiam*). Petitioner does not state that he has either sought or been granted permission to file a successive § 2254 petition in this Court. Without authorization from the Eleventh Circuit Court of Appeals, this Court lacks jurisdiction to consider Petitioner's claims.

Accordingly, based on an initial review of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases, the Court **FINDS** that Petitioner has once again filed a successive application for a writ of habeas corpus without first obtaining the requisite authorization from the Eleventh Circuit Court of Appeals. Therefore, the Court **REPORTS** and **RECOMMENDS** that the motion to proceed *in forma pauperis* be **DENIED** (doc. no. 1), that this case be **DISMISSED**, and that this civil action be **CLOSED**.

SO REPORTED AND RECOMMENDED this 18th day of December, 2009, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

3